**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNOLD ANDRADE-QUIROZ; DEYSI MARELLY ANDRADE-QUIROZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71453 <br><br> Agency Nos.   A098-263-811 <br>                         A098-591-510 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Arnold Andrade-Quiroz and Deysi Marelly Andrade-Quiroz, natives and

citizens of Honduras, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Petitioners' due process contention regarding the BIA's streamlined decision is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir. 2003) (BIA's summary affirmance procedure does not violate due process).

We reject petitioners' claim that they are eligible for asylum and withholding of removal based on their anti-gang political opinions or membership in a particular social group. *See Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *see Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting

gang violence," and holding that general aversion to gangs is not a political opinion). Accordingly, petitioners' asylum and withholding of removal claims fail. *See Barrios*, 581 F.3d at 856.

Finally, substantial evidence also supports the agency's denial of petitioners' CAT claim because they failed to demonstrate it is more likely than not that they will be tortured if they return to Honduras. *See Santos–Lemus,* 542 F.3d at 748.

**PETITION FOR REVIEW DENIED**.